IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
2006 JAN 10 A 10: 42
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

| | |
|---|---|
| CALVIN SHANE MYERS,<br><br>            Plaintiff,<br><br>vs.<br><br>STATE OF UTAH,<br><br>            Defendant. | ORDER DISMISSING PETITION<br><br>Case No. 2:05 CV 367 TC |

Mr. Calvin Shane Myers has filed a petition pursuant to 28 U.S.C. § 2254. He raises a number of grounds which, he contends, entitle him to relief. But because the court concludes that Mr. Myers' petition is time-barred, it does not reach the merits of his claims and dismisses his petition.

**Procedural History**

The State of Utah charged Mr. Myers with two counts of aggravated murder, both capital offenses, alleging that Mr. Myers had killed his girlfriend, Irene Christensen, and her unborn child. Mr. Myers entered an unconditional guilty plea to one count of aggravated murder and the trial court dismissed the second count in accordance with the plea agreement. On February 12, 1996, the trial court sentenced Mr. Myers to life imprisonment with the possibility of parole. Mr. Myers did not file a direct appeal.

In July of 2000, Mr. Myers filed a petition for post-conviction relief in Utah State Court. The State Court dismissed the petition finding that the majority of Mr. Myers' claims were barred by the Utah Post-conviction Remedies Act and his trial counsel was not ineffective. Mr. Myers appealed the dismissal of his petition and the Utah Supreme Court affirmed the lower court's decision. Myers v. State of Utah, 94 P.3d 211 (2004). Mr. Myers filed this federal petition on April 20, 2005.

## Analysis

Because Mr. Myers filed his federal petition on April 20, 2005, after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the Act, including the one-year limitation on filing petitions, apply. Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001).

The limitation period generally runs from the date on which the state judgment became final after direct appeal or after expiration of the time for filing an appeal. Id. The limitation period is tolled during the period a petitioner is seeking post-conviction review, but the filing of a state post-conviction petition cannot toll a limitation period that has already expired. Id. at 1142-43.

Mr. Myers' conviction was entered on February 15, 1996. He did not take a direct appeal.[1] Because Mr. Myers' conviction became final before the AEDPA's enactment, the one-year statute of limitations does not begin to run until the Act's effective date. Gibson v. Klinger,

---

[1] Under Utah law, Mr. Myers had thirty days to file a notice of appeal. Ut.R.App.P.4(a).

2

232 F.3d 799, 803 (10th Cir. 2000). Accordingly, unless the limitation period was tolled, the one-year period ended in April 1997. Since Mr. Myers filed his state post-conviction petition in July 2000, more than three years after the one-year limitation period had expired, the period of time during which the state petition was pending is not tolled. See Fisher, 262 F.3d at 1142-43.

Equitable tolling is not appropriate here. The Tenth Circuit has made clear that equitable tolling is available only in "'rare and exceptional circumstances.'" Klinger, 232 F.3d at 808 (citations omitted). The court explained that

> [e]quitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct–or other uncontrollable circumstances–prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient.

Id. (citations omitted).

Mr. Myers has not shown that he is entitled to equitable tolling. He waited more than nine years to file his federal petition. He cannot, therefore, demonstrate that he has diligently pursued his claims. And although he now alleges that he is innocent, he points to no new evidence that would support his claim. In any event, a claim of actual innocence is not credible given the overwhelming evidence of his guilt in the record.

For the above reasons, Mr. Myers' petition is DISMISSED

DATED this 6th day of January, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge